## HARRIS *v.* BARBER.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 1443. Submitted January 7, 1889. — Decided January 28, 1889.

A judgment of the Supreme Court of the District of Columbia, quashing a writ of *certiorari*, after a justice of the peace, in obedience to the writ, has returned the record of his proceedings and judgment in a landlord and tenant process, is reviewable by this court on writ of error, if the right to the possession of the premises is worth more than $5000.

A judgment of a justice of the peace, which is subject to appeal, cannot be quashed by writ of *certiorari*, except for want of jurisdiction, appearing on the face of his record.

Under the Landlord and Tenant Act of the District of Columbia, requiring a "written complaint on oath of the person entitled to the possession of the premises to a justice of the peace," the oath may be taken before a notary public outside of the District.

Under the Landlord and Tenant Act of the District of Columbia, a complaint which alleges that the complainant is entitled to the possession of the premises, and that they are detained from him and held without right by the defendant, his tenant at sufferance, and whose tenancy and estate therein have been determined by a thirty days' notice in writing to quit, is sufficient to support the jurisdiction of the justice of the peace.

THIS was a writ of error to reverse a judgment quashing a writ of *certiorari* to a justice of the peace.

On December 17, 1881, John H. Harris filed in the Supreme Court of the District of Columbia a petition, verified by his oath, and alleging "that he is in possession of the house and premises known as the Harris House, Nos. 1327–1329 E street northwest, in the city of Washington, in the District of Columbia, under a lease to him from Mary A. Matteson, dated May 3, 1883, and modified April 20, 1885, for a term ending October 1, 1889, at a rent of $3000 per annum, with the privilege of extension for a further term of four years at a rent of $4000 per annum; that under the terms of said lease he expended about $15,000 in permanent improvements and betterments to said building, put it in tenantable condition, and paid the taxes assessed thereon until the sale hereinafter mentioned, besides expending upwards of $20,000 in furniture and appliances for its use as a hotel; that he did this upon the faith and expectation of enjoying his full term as tenant of said premises; that on May 4, 1886, the said land and premises were sold under a deed of trust prior in date to the lease of your petitioner, and of which your petitioner was in actual ignorance at the time of said lease, and were purchased by one Amaziah D. Barber, who, a few days after said sale, notified your petitioner to quit said premises, and on July 31, 1886, instituted a proceeding under the act of Congress regulating proceedings in cases between landlord and tenant in the District of Columbia, before William Helmick, justice of the peace for said District of Columbia, and on August 14, 1886, said justice of the peace rendered judgment against your petitioner for the possession of said premises."

The petition asserted that the proceedings before the justice were void for want of jurisdiction; because the oath to the complaint was not taken before the justice, but before a notary public in the county of Oneida and State of New York, and because "the relation of landlord and tenant did not exist between said Barber and your petitioner by convention, and said Barber relying upon the absence of such relation for his right to possession, his only remedy was by an action of ejectment."

.The petition prayed for a writ of *certiorari*, commanding the justice to certify and send up the record of his proceedings. A writ of *certiorari* was issued accordingly, and in obedience to it the justice returned his record, by which it appeared that the complaint to him was subscribed and sworn to by the complainant before a notary public in the county of Oneida and State of New York, and that the whole complaint, except the address and the prayer for process, was as follows :

" Your complainant, Amaziah D. Barber, respectfully represents that he is entitled to the possession of the tenement and premises known as the Harris House, situate on lot five in square No. 254 in the city of Washington, District of Columbia, and that the same is detained from him and held without right by John H. Harris, tenant thereof by sufferance of this complainant, and whose tenancy and estate therein has been determined by the service of a due notice to quit, of thirty days, in writing."

The Supreme Court of the District of Columbia in special term, upon the motion of Barber, rendered judgment quashing the writ of *certiorari* ; and that judgment was affirmed in general term. 6 Mackey, 586. Harris sued out this writ of error.

Barber now filed a motion to dismiss the writ of error for want of jurisdiction, as well as a motion to affirm the judgment.

*Mr. James S. Edwards* and *Mr. Job Barnard* for the motions.

*Mr. A. C. Bradley* opposing.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

The grounds relied on in support of the motion to dismiss this writ of error are, in substance, that the granting or refusing of a writ of *certiorari* is a matter of discretion, and not the subject of review ; that there is no sufficient pecuniary value in dispute to support the jurisdiction of this court ; and that

the proceedings of a justice of the peace under the landlord and tenant act of the District of Columbia cannot be reviewed, except by appeal.

The writ of error before us is not upon the judgment of the justice in the landlord and tenant process, but upon the judgment of the Supreme Court of the District of Columbia quashing the writ of *certiorari* to the justice. The last ground assigned for the motion to dismiss is untenable, because it affects the correctness of the judgment quashing the writ of *certiorari*, and not the jurisdiction of this court to review that judgment.

The other grounds for the motion to dismiss, though more plausible, appear, upon examination, to be also insufficient.

A writ of *certiorari*, when its object is not to remove a case before trial, or to supply defects in a record, but to bring up after judgment the proceedings of an inferior court or tribunal whose procedure is not according to the course of the common law, is in the nature of a writ of error. Although the granting of the writ of *certiorari* rests in the discretion of the court, yet, after the writ has been granted, and the record certified in obedience to it, the questions arising upon that record must be determined according to fixed rules of law, and their determination is reviewable on error. *People* v. *Brooklyn Assessors*, 39 N. Y. 81; *People* v. *Brooklyn Commissioners*, 103 N. Y. 370; *Farmington Co.* v. *County Commissioners*, 112 Mass. 206, 212.

It is argued that the justice of the peace had no jurisdiction to try the title to land; Rev. Stat. D. C. §§ 687, 997; that the only matter in dispute before him was the right of possession; and that the rental value of the property in question cannot be considered as in dispute, because, whatever the judgment might be in the action for possession, the defendant would have to pay that value, either as rent under the lease if the judgment should be in his favor, or for use and occupation if the judgment should be against him.

The case differs from any of the precedents cited at the bar, and is not free from difficulty. But the petition for the writ of *certiorari* alleges, upon the oath of the petitioner, that he, is

in the possession of the premises under a lease having nearly a year to run, with a privilege of extension for four years more; and that he has expended $15,000 in permanent improvements upon the leased property, of which he will be deprived, if the judgment of the justice of the peace, which he alleges to be void for want of jurisdiction, is not set aside by writ of *certiorari*. The reasonable inference from this is, that the possession of the premises, with the right to use these improvements, throughout the lease and the extension thereof, would be worth more than $5000, showing that the matter in dispute is of sufficient pecuniary value to support the jurisdiction of this court, under the act of March 3, 1885, c. 355. 23 Stat. 443.

But upon the merits of the case, the judgment below is so clearly right that the motion to affirm must be granted.

The landlord and tenant act, embodied in the Revised Statutes of the District of Columbia, provides not only that every occupation, possession or holding of real estate without express contract or lease, or by a contract or lease the terms of which have expired, shall be deemed a tenancy at sufferance, but also that " all estates at sufferance may be determined by a notice in writing to quit of thirty days," and that " when forcible entry is made, or when a peaceable entry is made and the possession unlawfully held by force, or when possession is held without right after the estate is determined by the terms of the lease by its own limitation, or by notice to quit, or otherwise," then, " on written complaint on oath of the person entitled to the premises, to a justice of the peace, charging such forcible entry or detainer of real estate " — that is to say, charging either a "forcible entry," or any " detainer," whether forcible after a peaceable entry, or without right after the estate is determined — a summons may be issued to the person complained of; and if it appears that the complainant is entitled to the possession of the premises, he shall have judgment for the possession and costs, but if the complainant fails to prove his right to possession, the defendant shall have judgment for costs; and that either party may appeal from the judgment of the justice of the peace to the Supreme Court of the District of Columbia. Rev. Stat. D. C. §§ 680, 681, 684, 686, 688.

As an appeal lies from the judgment of the justice of the peace, his proceedings cannot be quashed by writ of *certiorari*, unless for want of jurisdiction, appearing on the face of his record. *People* v. *Betts*, 55 N. Y. 600; *Gaither* v. *Watkins*, 66 Maryland, 576.

It is suggested that the justice of the peace had no jurisdiction, because the oath to the complaint was not taken before him, but before a notary public in the State of New York. But the statute only requires a " written complaint on oath of the person entitled to the premises." Rev. Stat. D. C. § 684. As it requires the oath to be made by the complainant in person, and does not in terms require it to be administered by the justice or within the District, it is a more reasonable construction to permit the oath to be taken anywhere before a proper officer, than to require the personal attendance of the complainant at the filing of the complaint.

It is further suggested that the complaint does not allege, that the complainant is " entitled to the premises," but only that he is " entitled to the possession " of the premises. But as the whole scope and aim of the complaint are to recover the possession, the difference is immaterial.

The remaining suggestion is that the complaint does not show the defendant to have been such a tenant as is contemplated by the landlord and tenant act of the District of Columbia. But that act, as we have seen, provides that all tenancies at sufferance may be determined by thirty days' written notice to quit, and does not require the facts constituting the relation of landlord and tenant to be set forth in the complaint. Its requirements are satisfied, at least so far as to support the jurisdiction of the justice, by the distinct allegations in the complaint before us, that the complainant is entitled to the possession of the premises, that they are detained from him and held without right by the defendant, that the defendant is his tenant at sufferance, and that the defendant's tenancy and estate in the premises have been determined by such a notice to quit.

As was well said by Mr. Justice Merrick in delivering the opinion of the court below, " These averments constitute fully

a statement of the relation of landlord and tenant between the parties. Now whether the proof came up to these aver-ments or not cannot be inquired into upon a writ of *certiorari*. *Certiorari* goes only to the jurisdiction. It does not go to any errors of judgment that may have been committed by the justice in the progress of the exercise of that jurisdiction."

The decisions cited at the bar, made under statutes requir-ing the proceedings to be commenced by affidavit of the facts requisite to bring the case within the statutes, and giving no appeal from the decision of the justice of the peace,[1] have no application to this case.

*Judgment affirmed.*

---

[1] N. Y. Rev. Stat. pt. 3, c. 8, tit. 10; *Hill* v. *Stocking*, 6 Hill, 314; *Sims* v. *Humphrey*, 4 Denio, 185; *People* v. *Matthews*, 38 N. Y. 45; N. J. Stat. March 4, 1847, Nixon's Digest (2d ed.) 422; *Fowler* v. *Roe*, 1 Dutcher, (25 N. J. Law,) 549; *Shepherd* v. *Sliker*, 2 Vroom, (31 N. J. Law,) 432.