# REPORTS OF CASES

ADJUDGED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

---

### LORING v. BARTLETT.

---

DEEDS OF TRUST ; LANDLORD AND TENANT.

After foreclosure of a deed of trust in which there is a reservation to the grantor of the right to the possession and enjoyment of the premises and to the receipt of the rents and profits until default made, the purchaser at the sale may maintain a landlord and tenant proceeding against the grantor under Sections 680, 681 and 684, R. S. D. C., to obtain possession of the premises. Such a reservation has the effect of a redemise of the premises to the mortgagor or grantor.

No. 307. Submitted May 8, 1894. Decided June 15, 1894.

HEARING on an appeal by the plaintiff from an interlocutory order of the Supreme Court of the District of Columbia, holding a law term (leave to maintain the appeal having been granted by the court February 21, 1894), overruling a motion to quash a writ of *certiorari* to a justice of the peace in a landlord and tenant proceeding. *Reversed.*

The COURT in its opinion stated the case as follows :

This case is brought into this court on appeal from the Supreme Court of the District of Columbia, sitting in special term, from an order or judgment overruling a motion to quash a writ of *certiorari* which had been issued to a justice

4 Ct. App.—1

of the peace upon the allegation that such justice was proceeding in a matter before him without jurisdiction. The proceeding before the justice of the peace had been instituted under what is known as the "Landlord and Tenant Act" of July 4, 1864 (13 Stat. at Large, 383), now embraced in Sections 680 to 690, inclusive, of the Revised Statutes of the United States relating to the District of Columbia. The single question before this court is as to the jurisdiction of the justice of the peace to proceed in the matter before him under the statute.

The appellee, Hannah M. Bartlett, on the 5th day of October, 1891, made a mortgage or deed of trust of certain valuable property situated in the city of Washington, to Brown and Edmonston, trustees, to secure a loan obtained from the American Security and Trust Company, of $38,000. The principal of this loan was payable three years after date, with interest at six per cent. per annum. For the principal sum several promissory notes were given, and also interest notes for the interest as it should accrue due, according to the dates fixed by the terms of the deed. And in default of payment of either of the promissory notes at maturity, or of any instalment of interest due thereon, or any proper cost, charge, commissions, taxes, or other proper expense in and about the same, then the trustees to have the right and power to sell the property at public auction, after ten days' notice, upon such terms as the trustees should deem advantageous to the parties interested.

In the deed of trust is contained the following clause with respect to the possession and enjoyment of the property until default made by the mortgagor:

"In and upon the trust nevertheless hereinafter mentioned and declared, that is, in trust to permit the said Hannah M. Bartlett, her heirs and assigns, *to use and occupy the said described premises, and the rents, issues and profits thereof to take, have and apply, to and for her and their sole use and benefit, until default be made in the payment of said*

*notes or any of them,* or any instalment of interest due thereon, or any proper cost, charge, commission, half commission or expense in and about the same."

It appears that default was made by the mortgagor, the present appellee, then in possession of the premises under the reservation or stipulation just recited, and thereupon the trustees proceeded to sell the property under the power given them by the deed of trust. The sale was made to the appellant, and the same was completed by full compliance with the terms of sale, and a deed for the property made by the trustees. A notice of thirty days was then given by the appellant, as purchaser entitled to the possession, to the appellee in possession, requiring the possession to be surrendered at the expiration of that period. The notice was not heeded or complied with by the appellee, and hence the application to the justice of the peace, under the provisions of the statute, for the exercise of the summary jurisdiction thereby conferred upon him.

The provisions of the statute most material to the question here presented are contained in Sections 680, 681 and 684 of the Revised Statutes of the United States relating to the District of Columbia.

By the first of these sections it is declared that a tenancy at will shall not arise or be created *without an express contract or letting to that effect ;* and all occupation, possession or holding of any messuage or real estate without express contract or lease, or *by such contract or lease, the terms of which have expired,* shall be deemed and held to be *tenancies by sufferance.*

By Section 681, all estates at will *and sufferance* may be determined by a notice, in writing, to quit, of thirty days, delivered to the tenant, or other proper person, upon the premises, etc. And by Section 684, when forcible entry is made, or when a peaceable entry is made and the possession unlawfully held by force, *or when possession is held without right, after the estate is determined by the terms of the lease*

*by its own limitation, or by notice to quit or otherwise,* on written complaint on oath *of the person entitled to the premises,* to a justice of the peace, charging such forcible entry or detainer of real estate, etc.

Then, by Section 686, it is provided that if it appears by default or upon trial that the complainant is entitled to the possession of the premises, he shall have judgment and execution for the possession and costs, etc.

In the application to the justice of the peace for process and the exercise of his summary jurisdiction, all the facts are set forth, and it is alleged that, notwithstanding the estate and interest of the appellee in the land and premises had been determined by the sale and notice to quit, she has refused to surrender said land and premises to the complainant, and has refused to remove from or quit the same, but continues to hold such possession without right.

The justice had issued process, and was proceeding on the application, when he was required to return his proceedings into the Supreme Court of the District, under the writ of *certiorari,* issued upon the allegation that he was proceeding without jurisdiction.

The motion was made to quash the writ of *certiorari,* and was overruled, and from that order the present appeal was taken.

*Mr. A. S. Worthington* for appellant:

1. In this jurisdiction, when an ordinary mortgage has been made, the mortgagor becomes the mortgagee's tenant.

This was the common law. *Keech* v. *Hall,* 1 Douglas, 21; *Partridge* v. *Bere,* 5 Barn. & Ald. 604, S. C. 7 Eng. Com. Law Rep. *note.*

This principal of the common law was adopted in Maryland, and was in force there at the time of the cession of the District. *Paxon's Lessee* v. *Paul,* 3 H. & McH. 399; *Beall* v. *Harwood,* 2 H. & J. 173; *Jamieson* v. *Bruce,* 6 G. & J. 71; *Berry* v. *Derwart,* 55 Md. 73.

The cases in other jurisdictions of the United States holding a different doctrine cannot affect the question here. The Supreme Court of the United States has determined that *Jamieson* v. *Bruce, supra,* is the law of the District, and that case decided that from the day the mortgage is executed till the mortgage debt is satisfied the mortgagor is " the mortgagee's tenant and strictly within the definition of a tenant at will." *Van Ness* v. *Hyatt,* 13 Pet. 299.

2. The landlord and tenant law of this District applies to cases where a tenancy exists by implication of law merely between a mortgagor and his mortgagee.

By the law of this District as it stood when the act under consideration (the Landlord and Tenant Act) was passed, the mortgagor, if the mortgage was silent on the subject, became at once, by implication of law, the mortgagee's tenant at will. By our statute (Sec. 680) implied tenancies at will are abolished and made tenancies at sufferance. Hence, from the date of the act in question whenever the owner of land granted to another as security for a debt, without more, the grantor *ipso facto* became the grantee's tenant at sufferance.

But the statute says further, *all* occupation, possession, or holding of real estate, either *without express contract or lease,* or by deed, contract or lease, the terms of which have expired, shall be deemed tenancies at sufferance (Sec. 680); and that *all* estates at sufferance may be determined by a thirty days' notice (Sec. 681).

Even if it should be thought that *Keech* v. *Hall* and *Partridge* v. *Bere* and *Jamieson* v. *Bruce* were erroneously decided, yet since they had never been questioned in this jurisdiction when the act in question was passed, but had, on the contrary, been expressly held to be the law of this District by the Supreme Court itself, Congress must be supposed to have had them in mind when it framed the landlord and tenant law for this District. And this consideration disposes of the whole controversy.

3. But in this case the relation of landlord and tenant exists between the parties by express contract. *McGuire* v. *Benoit,* 33 Md. 185.

The deed of trust in this case, signed and acknowledged by the appellee, expressly provides that the trustees are *to permit* her, her heirs and assigns to occupy the premises until default be made in the payment of the debt or interest or costs. The acceptance of this instrument by the trustees created a formal contract between the parties which made her their tenant—the tenancy to be at an end when any default should occur in the payment of the debt, interest or expenses.

The agreement between them as indicated by the language of this deed of trust (which is the form in common use for many years in this District) is that she was to have the right to stay in possession until default and no longer. Therefore, her possession was a possession by *deed,* contract or lease, the terms of which had expired, and she is again brought within the very words of the statute. *McGuire* v. *Benoit,* 33 Md. 185.

4. The exact question involved in this case is settled in favor of the appellant by a line of decisions in this District, and the construction of the Landlord and Tenant Act thus established has become a rule of property which this court will not disturb even if it should be of the opinion that those decisions were erroneous. *Luch* v. *Jones,* 1 MacArthur, 345; *Fiske* v. *Bigelow,* 2 MacArthur, 427; *Barber* v. *Harris,* 6 Mackey, 586, affirmed by Supreme Court United States in 129 U. S. 370.

*Mr. James Francis Smith* for appellee:

1. The third section of the Landlord and Tenant Act (Sections 680, 681 and 684, R. S. D. C.) provides "That if upon trial, defendant pleads title to the premises in himself, or in another person under whom he claims the premises, he shall recognize in a reasonable sum, etc., . . . and thereupon

the proceedings shall be certified to the Supreme Court of the District."

This does not mean that this process is the proper one in suits involving the title to land. The act must be construed as a whole. The first two sections define the remedy and the cases to which it is applicable, viz., tenants holding over and forcible entry and detainer. In the first class of cases, *i. e.*, between landlords and tenants, the defendants are estopped from denying the landlord's title, but if the complaint were forcible entry and detainer, a claim of title by the defendant would be a proper defense to the action, and so the act provides that *if* the defendant pleads title the case shall be certified to the Supreme Court of the District of Columbia, thereby indicating that it was not within the intent of the act that questions of title should be tried under this process.

2. A purchaser under a deed of trust sale cannot maintain this action. *Womack* v. *Powers*, 50 Ala. 5 ; *Burford* v. *Nolan*, 30 Miss. 427 ; *McComb* v. *Wallace*, 66 N. C. 481. Additional cases to the effect that this summary process is not applicable to cases of this kind, are : *Cummings* v. *Kilpatrick*, 23 Miss. 114 ; *Winterfield* v. *Strauss*, 24 Wis. 394 ; *Nightingale* v. *Barens*, 47 Wis. 389 ; *Chicago* v. *Shupa*, 16 Neb. 341 ; *West* v. *Frederick*, 62 Ill. 191 ; *Steiner* v. *Priddy*, 28 Ill. 179 ; *Sims* v. *Humphrey*, 4 Denio, 185 ; *Evertson* v. *Sutton*, 5 Wend. 281 ; *People* v. *Simpson*, 28 N. Y. 55 ; *Hay* v. *Connelly*, 1 A. K. Marsh, 393 ; *Hughes* v. *Mount*, 23 W. Va. 130 ; *Short* v. *Bridwell*, 55 Ind. 211 ; *Kelly* v. *Hunter*, 12 Ohio, 216 ; *Pio* v. *Cuyas*, 48 Cal. 639 ; *Leavett* v. *Wallace*, 12 N. H. 489 ; *Burnett* v. *Caldwell*, 9 Wall. 290 ; Taylor L. & T., Secs. 25, 121.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

As we have already said, the only question on this appeal is one of jurisdiction of the justice of the peace under the statute.

It has been very earnestly argued on behalf of the appellant that, treating the deed of trust as in substance a mortgage, the relation of landlord and tenant subsisted, within the meaning and general purview of the statute, as between the mortgagor, the present appellee, and the trustees in the deed, and that upon the sale of the property, the mortgagor is subject to the summary jurisdiction as provided by the statute, at the instance of the purchaser, claiming under and as assignee of the trustees.

Whether the relation of landlord and tenant, in the full and ordinary sense of the terms, exists, as between mortgagor and mortgagee in the absence of special stipulation to that effect, during the time that the mortgagor may be allowed to remain in possession of the mortgaged premises, is a question upon which a great diversity of opinion has been expressed by judges of the highest authority, both in England and in this country. There is no doubt, however, that a mortgagor in possession, while he may not be properly a tenant at will in the ordinary sense of the term, yet he is tenant in a certain and particular sense. Or, as said by Mr. Justice Buller, in *Birch* v. *Wright*, 1 T. Rep. 382, "That a mortgagor has often been called tenant at will to the mortgagee in courts of law and equity is undoubtedly true, but I think inaccurately so; and the expression has been used when it was not very material to ascertain what his powers or interests were, or to settle with any great precision in what respects he did and in what respects he did not resemble a tenant at will. In old cases he is sometimes called tenant at will and sometimes tenant at sufferance. In *Keech* v. *Hall*, 1 Dougl. 21, Wallace called him the agent of the mortgagee, and Lord Mansfield stated him to be tenant at will to some purposes, but not to others. In *Moss* v. *Gallimore*, 1 Dougl. 282, Lord Mansfield said a mortgagor is not in reality a tenant to the mortgagee; if he were, he must pay rent, but that is not so. To many purposes, *he is like a tenant at will;* but he does not pay rent; he must pay

interest only. And further on in the opinion the learned justice says: " He is not a tenant at will, because he is not entitled to the growing crops after the *will* is determined. He is not considered as tenant at will in those proceedings which are in daily use between mortgagor and mortgagee; I mean in ejectments brought for the recovery of the mortgaged lands." This seems to be the prevailing view entertained by the English courts upon the subject, though there may be cases found where general language has been employed of a less qualified nature.

But we are not under the necessity of deciding this perplexed question in this case, as to whether the simple and ordinary relation of mortgagor and mortgagee involves the relation of landlord and tenant by implication of law, within the meaning and sense of the statute to which we have referred. Indeed, it is doubtful whether such question is strictly presented on this record, and as it is unnecessary to decide it, we refrain from expressing any definite opinion in regard to it.

There is another element in the case which furnishes ample ground for a definite decision of the question of jurisdiction of the justice of the peace here involved.

The effect of the deed to the trustees was to vest the fee simple estate in them from the date of the deed; and but for the express provision or reservation in the deed which we have already recited, whereby the appellee was allowed to retain possession of the property until default made, the right of possession would also have vested in the trustees from the date of the deed. And the question is, whether by reasonable construction and legal operation of that clause in the deed, reserving to the appellee the right to possess and enjoy, and to receive to her own use the rents and profits of the mortgaged premises until default made, had the effect of a redemise of the premises to the mortgagor or grantor; and upon principle we think that is the effect of such stipulation or reservation in the deed. This clause in the deed

in favor of the continued possession of the mortgagor falls fully within the principle we laid down in Bacon's Abridgment, Tit. Leases, K., which reads thus: "That whatever words are sufficient to explain the intent of the parties, that the one shall divest himself of the possession, and the other come into it for such a determinate time, such words, whether they run in the form of a license, covenant or agreement, are of themselves sufficient, and will, in construction of law, amount to a lease for years as effectually as if the most proper and pertinent words had been made use of for that purpose." Here the trustees by the deed divested themselves of their immediate right of possession, and vested that right in the mortgagor until default made by her.

The clause in the deed before us, in respect to the possession, is very similar in terms to that in the mortgage in the case of *Wilkinson* v. *Hall*, 3 Bing. N. C. 508. In that case, the plaintiff mortgaged lands in fee, with a proviso for redemption on payment of principal in June, 1833; but it was agreed that the mortgagee should not call in the principal till 1840, if interest were regularly paid in the meantime; and that the mortgagor should hold the premises and take the rents, issues and profits for his own use, till default should be made in the payment of principal and interest as stipulated; and it was held that this agreement, reserving the possession to the mortgagor, operated as a redemise to him until 1840. In that case the passage from Bacon's Abridgment above recited was quoted with approval and followed. See also the prior case of *Fisher* v. *Giles*, 5 Bing. 421.

And so in a fully argued and well considered case in the Court of Appeals of Maryland, *The George's Creek Coal and Iron Co.* v. *Detmold*, 1 Md. 225, the plaintiff had conveyed the premises in trust, to secure the payment of certain claims, but with a proviso that until default should be made in the payment of any part of such claims or interest, the company was to hold and enjoy the premises, and to receive the rents, issues and profits thereof, and from time

to time, with the consent of the trustees, to make leases of any part of the premises, etc. In that case it was held that such reservation in the deed of trust, in respect to the possession and enjoyment of the premises by the grantor of the deed, operated as a redemise; and the case of *Wilkinson* v. *Hall, supra,* and other cases to like effect, were cited and approved. In this Maryland case, the objection was taken by counsel that the deed was a deed poll, and therefore could not operate as a demise from the trustees, because not signed by them; but that objection was overruled, and in support of the ruling the clear opinion of the court to the point in the case of *Flagg* v. *Flagg,* 11 Pick. 475, 477, is referred to.

The property having been sold under the power in the deed after default made by the appellee, the purchaser became entitled to all the rights vested in the trustees in regard to the possession of the premises, and is substituted to their rights in that respect, by operation of law. *Martin* v. *Martin,* 7 Md. 368, 375; *Spindler* v. *Atkinson,* 3 Md. 423; Comyn on Landlord and Tenant, 250. The case of the appellee is that of a party holding after the terms of an express contract have expired, and her continued holding is without right, within the terms and meaning of the statute, as against the purchaser. The appellant as purchaser would seem to be clearly entitled to the possession of the premises, and her complaint to the justice of the peace presents a case within the terms and meaning of the statute, to entitle her to the summary relief prayed. *Harris* v. *Barber,* 129 U. S. 366, 371.

We shall reverse the judgment of the court below, and remand the case that the writ of *certiorari* may be quashed, and the proceedings remanded to the justice of the peace, that he may proceed in the exercise of his jurisdiction in the premises, in accordance with the provisions of the statute.

*Judgment reversed and cause remanded, with costs to the appellant.*