# HUTCHINS *v.* MANEELY.

PRACTICE; SEVENTY-THIRD RULE; AFFIDAVITS.

1. This court will not be disposed to question under any circum-
   stances a decision of the General Term of the Supreme Court
   of the District of Columbia upon a question of practice.
2. An affidavit under the 73d Rule of that court may be made before
   the notary public of a State, and is sufficiently authenticated
   by his signature and seal.

No. 658.  Submitted April 13, 1897.  Decided May 11, 1897.

HEARING on an appeal by the defendants from a judg-
ment under the 73d Rule of the Supreme Court of the
District of Columbia. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Myer Cohen* and *Mr. Adolph G. Wolf* for the appel-
lants:

The court below erred in overruling the motion to strike
out the plaintiff's affidavit. A notary public has no au-
thority under the common law to administer oaths. The
authority must be derived from a statute. Proffat on Nota-
ries, Sec. 24; *Keefer* v. *Mason*, 36 Ill. 406; *Benedict* v. *Hall*,
76 N. C. 113.

No statute of the United States, to the knowledge of coun-
sel, authorizes a notary public outside of the District of Co-

lumbia to take an affidavit for general purposes. He is authorized to take depositions *de bene esse*, likewise to administer oaths in special cases, and he is authorized by Section 1778 of the Revised Statutes of the United States to administer oaths in all cases in which, under the laws of the United States, oaths may be taken or made before any justice of the peace, or any commissioner of the circuit court of any State or Territory, but he has no general authority. Without such authority in the officer administering the oath, no indictment for perjury would lie against an affiant swearing falsely. *U. S.* v. *Curtis*, 107 U. S. 671.

That case is also authoritative to the effect that a notary public has no greater authority than a justice of the peace or a commissioner of the circuit court. But neither of these last named officers outside of the District of Columbia has authority to administer an oath for general purposes, such an oath for example as is required by the 73d Rule of Practice of the Supreme Court of the District of Columbia. In the present case, moreover, it does not appear that a notary public is authorized by the laws of Pennsylvania to administer oaths; there is no proof that Calvin F. Heckler is the officer he purports to be.

As an officer of the commercial world for the purposes of authentication of copies and protest of bills and notes, the seal of a notary public is universally recognized, but that seal does not import the power to administer oaths. *Keefer* v. *Mason*, 36 Ill. 406 ; *Benedict* v. *Hall*, 76 N. C. 113.

*Messrs. R. Ross Perry & Son* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There is no ground whatever to justify this appeal, and the judgment appealed from must therefore be affirmed.

The only question presented is, whether an affidavit made of the cause of action to be filed with the declaration, under Rule 73 of the court below, can be made before a notary public, in the State of Pennsylvania, and whether the affi-

davit is sufficiently authenticated by the signature and seal of the notary.

There seems to have been a long settled practice in the courts of this District to receive such affidavits made before notaries in the States, and the question as to their sufficiency under the rule appears to have been expressly decided by the Supreme Court of the District in General Term, in the case of *Denmead* v. *Maack*, 2 MacA. 475. In that case, it was held that an affidavit taken before a notary public in the State of Maryland was sufficient, and that no other verification of the qualification and act of the notary was required than was furnished by his signature and seal of his office. That case, relating to a question of practice, we should not be disposed to question under any circumstances, but the decision seems to be fully warranted both by statute provision and the decisions of the Supreme Court of the United States.

By the act of Congress of August 15, 1876, it is declared that "notaries public of the several States, Territories, and the District of Columbia, be and they are hereby authorized to take depositions, and do all other acts in relation to taking testimony to be used in the courts of the United States, take acknowledgments *and affidavits* in the same manner and with the same effect as commissioners of the United States circuit courts may now lawfully take or do." It is not contended that the commissioners mentioned in this act can not take affidavits.

In the case of the *United States* v. *Curtis*, 107 U. S. 671, it was held that an indictment for perjury against an officer of a national bank, for a willful, false declaration or statement in a report made under Section 5511 of the Revised Statutes, was bad, if prior to the passage of the act of February 26, 1881, Ch. 82, his oath verifying the report was taken before a notary public appointed by a State, as such notary had, at that time, no authority under a law of the United States to administer the oath in such cases. The question

in that case turned upon the construction of Section 5392 of the Revised Statutes of the United States. It was held that that section did not confer authority upon the notaries public of the States to administer the oaths required of the bank officer under the statute. But it does not follow that such notaries have no power to administer oaths or take affidavits in other cases. It is shown to the contrary of that in the case of *Harris* v. *Barber,* 129 U. S. 366, in which case it was held, that under the Landlord and Tenant Act of the District of Columbia, requiring a "written complaint on oath of the person entitled to the possession of the premises to a justice of the peace," the oath could be taken before a notary public outside of this District. The signature and seal of the notary sufficiently verified the affidavit.

*The judgment is affirmed.*