## UNITED STATES ex rel. EURE v. BORDEN.

### No. 6481.

United States Court of Appeals for the District of Columbia.

Argued Oct. 10, 1935.

Decided Nov. 4, 1935.

Brooks T. Sanders, of Washington, D. C., for appellant.

Charles E. Morganston, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District quashing a writ of certiorari to the municipal court of the District.

In March, 1934, appellant brought suit in the municipal court against appellee, claiming $500 damages resulting from the alleged negligence of appellee. Appellant took a voluntary nonsuit before the case reached trial.

In June, following, appellant filed a second suit against appellee in the municipal court for the same amount and cause. In August this second suit came on for trial; at the conclusion of appellant's testimony, appellee moved for a dismissal on the ground that appellant had failed to make out a case. Thereupon the court again allowed appellant a nonsuit.

On August 22, 1934, appellant filed a third suit against appellee in the municipal court based upon the same facts, but claiming $1,000 damages. To this action appellee filed a general demurrer and later a motion to dismiss. The court dismissed the suit on the ground of res judicata.

Thereafter, on November 17, 1934, appellant applied to the court below for a writ of certiorari, which issued, and on motion of appellee was quashed.

Section 1 of chapter 1 of the District Code of 1901 (act of March 3, 1901, c. 854, 31 Stat. 1189, section 21, title 1, D.C. Code, 1929) continued in force the common law, and all British statutes in force in Maryland on the 27th day of February, 1801, except in so far as inconsistent with, or replaced by, the Code.

Under section 2 the judicial power of the District continued to be vested in, first, "inferior courts, namely, justices of the peace."

By section 8 the Supreme Court of the District was empowered to make rules regulating the practice and pleading before justices of the peace, and in relation to appeals from their judgments,[1] provided that in all cases of concurrent jurisdiction the defendant might remove the case for trial into the Supreme Court of the District by writ of certiorari.

Under section 9, justices of the peace were given jurisdiction in all civil cases in which the amount claimed to be due for debt or damages arising out of contract, express or implied, or damages for wrongs or injuries to persons or property, did not exceed $300; with exclusive jurisdiction when the amount claimed for debt or damages or the value of personal property claimed did not exceed $50; and con-

---

[1] Section 30 of the 1901 Code provided that, "where the debt or demand or the value of personal property claimed exceeds five dollars, and in actions for the recovery of possession of real estate as aforesaid, either party who may think himself aggrieved by the judgment or other final order of a justice of the peace may appeal to the supreme court of the District."

current with the Supreme Court when it exceeded $50.

By the Act of February 17, 1909 (chapter 134, 35 Stat. 623), the justices of the peace court was changed to the municipal court of the District of Columbia, and jurisdiction increased from $300 to $500; with exclusive jurisdiction when the amount claimed for debt or damages or the value of personal property claimed did not exceed $100, and concurrent with the Supreme Court of the District when it exceeded $100 but was not in excess of $500, with the same right to remove any case by certiorari, as theretofore, in cases of concurrent jurisdiction. The right of appeal under section 30 of the Code remained unchanged.

By the Act of March 3, 1921 (chapter 125, 41 Stat. 1310 [D.C.Code 1929, T. 18, § 193]), the municipal court was given exclusive jurisdiction in civil cases in which the value of the personal property, or the debt or damages claimed, did not exceed $1,000; and in actions for the recovery of damages for assault, assault and battery, slander, libel, malicious prosecution, and breach of promise to marry.

Section 1 of the 1921 act (41 Stat. 1310) abolished "the concurrent jurisdiction of the Supreme Court of the District of Columbia in any such case and the right to remove such cases to said Supreme Court by the statutory writ of certiorari."

By section 12 of the 1921 act (D.C.Code 1929, T. 18, §§ 26, 29, 213) it is provided that "hereafter no appeal shall lie from the Municipal Court to the Supreme Court of the District of Columbia"; and that any party aggrieved by any final judgment of the municipal court may seek review by the Court of Appeals of the District (now United States Court of Appeals for the District of Columbia, Act of June 7, 1934, c. 426, 48 Stat. 926) by petition for writ of error, "to be presented to any justice of the court of appeals. * * * If the justice shall be of opinion that such judgment ought to be reviewed a writ of error shall be issued; * * * and the court of appeals shall review said record and affirm, reverse, or modify the judgment in accordance with law."

It thus appears that prior to the 1921 act the Supreme Court of the District, in addition to its authority to entertain appeals from the municipal court and to issue the common-law writ of certiorari, was vested with jurisdiction to issue the statutory writ of certiorari in cases in which it had concurrent jurisdiction with the municipal court; but that by the 1921 act appeals from the municipal court to the Supreme Court were abolished, the authority to issue the statutory writ of certiorari denied, and review by the Court of Appeals through writ of error provided.

 No statute has been passed enlarging the scope of the common-law writ of certiorari in the District of Columbia. Degge v. Hitchcock, 229 U.S. 162, 170, 33 S.Ct. 639, 57 L.Ed. 1135; Hartranft v. Mullowny, 247 U.S. 295, 299, 38 S.Ct. 518, 62 L.Ed. 1123. When sought between private persons, the general rule is that the common-law writ "will be granted or denied, in the sound discretion of the court, on special cause or ground shown, and will be refused where there is a plain and equally adequate remedy by appeal or otherwise." In re Tampa Suburban Railroad Co., 168 U.S. 583, 587, 18 S.Ct. 177, 42 L. Ed. 589; In re Huguley Mfg. Co., 184 U. S. 297, 22 S.Ct. 455, 46 L.Ed. 549. The writ has been used to remove before judgment the record from a court without jurisdiction, with a view of preventing error rather than of correcting it. Harris v. Barber, 129 U.S. 366, 369, 9 S.Ct. 314, 316, 32 L.Ed. 697. In that case the court said: "As an appeal lies from the judgment of the justice of the peace [of the District of Columbia], his proceedings cannot be quashed by writ of certiorari, unless for want of jurisdiction, appearing on the face of his record." Later in the opinion (129 U.S. 366, at page 371, 9 S.Ct. 314, 316, 32 L.Ed. 697) the court quoted with approval from the opinion of the Supreme Court of the District which was under review, as follows: "Certiorari goes only to the jurisdiction. It does not go to any errors of judgment that may have been committed by the justice in the progress of the exercise of that jurisdiction."

The jurisdiction of the municipal court was three times successfully invoked in the present case, and yet appellant insists that the court was without jurisdiction. Unquestionably the case stated in the declaration was within the jurisdiction of the municipal court. As was observed in the Harris v. Barber Case, whether the municipal court erred in the exercise of its jurisdiction may not be questioned in this proceeding. Petition for writ of error was available to appellant.

Judgment affirmed.

Affirmed.