## BRODIE et al. v. YOUNG et al.
### No. 8294.

United States Court of Appeals for the District of Columbia.

Decided Jan. 30, 1943.

Mr. John H. Burnett, with whom Messrs. James A. O'Shea and Alfred Goldstein, all of Washington, D. C., were on the brief, for appellants.

Mr. Vernon E. West, Principal Asst. Corporation Counsel, D. C., with whom Mr. Richmond B. Keech, Corporation Counsel, D. C., both of Washington, D. C., was on the brief, for appellees.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellants were members of the Metropolitan Police Force of the District of Columbia. Charges were filed against them,[1]

---

[1] CHARGE IV. Conduct prejudicial to the reputation, good order and discipline of the Police Force, in violation of Chapter 39, Section 22, Paragraph (o) of the Police Manual.

SPECIFICATION 1: That on the 14th day of October, 1939, the said Hubert E. Brodie and Leo Murray were members of the Metropolitan Police Department, assigned to duty as detective sergeants in the First Precinct. In that assignment it was their duty to take action in the prevention and detection of crime. They went on the date aforesaid to the premises 905½ G Street, N. W., in which an unlawful enterprise was being conducted, to-wit, the operation of a gaming table and the taking of bets on horse racing and numbers, at or about 2 p. m., and having driven

up to the curb in front of the said premises, proceeded to attract, or cause to be attracted, the attention of one Carl T. Updyke, who came out of said premises and handed them, or either of them, a sum of money, lawful currency of the United States of America, which sum of money was given to and received by the said Hubert E. Brodie and Leo Murray, or either of them, in an attempt to procure, or tend to procure, or bring about the failure of the said Hubert E. Brodie and Leo Murray, or either of them, to report or prevent a violation of law or to take proper police action in connection with the setting up and operation of a gaming table and the taking of bets on horse racing and numbers, which business was carried on in the premises aforesaid

upon several of which they were found guilty by a Trial Board. They appealed to the Commissioners of the District, who, on May 3, 1940, affirmed the action of the Board. Thereafter, on December 13, 1940, appellants filed, in the District Court, a petition for writ of certiorari. After an answer and return had been filed, that court dismissed the petition and quashed the writ.

We conclude, as the District Court found, that the police tribunals had full jurisdiction of the case; that the specifications were adequate and sufficient; that there was ample evidence to support the Board's determination and the Commissioners' affirmation of it, as well. This being true, it is not necessary for us to decide whether the case was a proper one for certiorari;[2] or whether, assuming that certiorari might otherwise have been proper, appellants lost the privilege of its use by their long delay in filing the petition, especially because governmental affairs of vital importance to the public were involved.[3]

Affirmed.

by the said Carl T. Updyke, contrary to the laws of the District of Columbia then and there in force.

[2] See Degge v. Hitchcock, 35 App.D.C. 218, affirmed 229 U.S. 162, 170, 172, 33 S.Ct. 639, 57 L.Ed. 1135; Harris v. Barber, 129 U.S. 366, 369, 9 S.Ct. 314, 32 L.Ed. 697; Northern Pac. Ry. v. I. C. C., 57 App.D.C. 318, 320, 23 F.2d 221, 223, certiorari denied, 275 U.S. 572, 48 S.Ct. 205, 72 L.Ed. 433.

[3] Cf. United States ex rel. Arant v. Lane, 47 App.D.C. 336, 339; Rules III and XI, Criminal Appeals Rules of the Supreme Court of the United States, 18 U.S.C.A. following section 688, 292 U.S. 660, 662, 665, 54 S.Ct. XXXVII, XXXIX; Rule 10, General Rules of United States Court of Appeals, 72 App. D.C. 414; 28 U.S.C.A. § 350.