## UNITED STATES ex rel. WESTERN UNION TELEGRAPH CO. v. INTERSTATE COMMERCE COMMISSION.

(Court of Appeals of District of Columbia. Submitted February 7, 1922. Decided March 6, 1922.)

No. 3713.

Mandamus ⊜➡143(1)—Petition to compel Interstate Commerce Commission to exclude valuation of petitioner's telegraph property in valuing railroads held premature.

    Where the Interstate Commerce Commission, in valuing the property of railroad companies under Act March 1, 1913, as amended by Act Feb. 28, 1920, and constituting Interstate Commerce Act, § 19a (Comp. St. § 8591), included, in determining the cost of reproduction, the expenditures for erecting the poles of a telegraph company, expressly reserving the right thereafter to take such action with respect thereto as might be deemed proper, and had not yet attempted to value the property of the telegraph company, a petition by the telegraph company for mandamus to compel the Commission to eliminate that item from its valuations was prematurely filed and must be dismissed.

Appeal from the Supreme Court of the District of Columbia.

Petition for mandamus by the United States, at the relation of the Western Union Telegraph Company, against the Interstate Commerce Commission. From a judgment dismissing the petition, relator appeals. Affirmed.

Clarence R. Wilson and Paul E. Lesh, both of Washington, D. C., for appellant.

Rush Taggart, of New York City, Charles W. Needham, and Ralph H. Kimball, both of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, dismissing appellant's petition:

    "That a peremptory writ of mandamus go to the respondent direct, and requiring it to correct its valuation in the said Texas Midland Railway valuation and in the said Kansas City Southern Railway Company's valuation, by removing from the schedules of property attributed to the railway company all the telegraph property listed therein belonging to the relator," etc.

The Act of Congress approved March 1, 1913 (37 Stat. 701), as amended February 28, 1920 (41 Stat. 493), and constituting section 19a of the Interstate Commerce Act, contains the following provisions:

    "That the commission shall, as hereinafter provided, investigate, ascertain, and report the value of all the property owned or used by every common car-

rier subject to the provisions of this act. * * * In such investigation said commission shall ascertain and report in detail as to each piece of property owned or used by said common carrier for its purposes as a common carrier, the original cost to date, the cost of reproduction new, the cost of reproduction less depreciation. * * * All final valuations by the Commission and the classification thereof shall be published and shall be prima facie evidence of the value of the property in all proceedings under the act to regulate commerce as of the date of the fixing thereof, and in all judicial proceedings for the enforcement of the act. * * *" Comp. St. § 8591.

Proceeding under the provisions of the foregoing statute, the appellee Commission, in determining the "cost of reproduction new" of the Texas Midland Railway and the Kansas City Southern Railway, included as to the first company $8,715 and as to the second $88,925, representing the amounts paid by those railway companies, respectively, for setting along their lines the poles owned by the Western Union Telegraph Company; the Commission being of the view that, inasmuch as a telegraph line is necessary in the conduct of the business of the railways, it would assume in ascertaining cost of reproduction that these railway companies would again equip themselves with the same facility. See In re Texas Midland Railroad, 1 Val. Rep. 45, 79; In re Kansas City Southern Railway Company, 1 Val. Rep. 240, 322. As to each of these valuations the Commission expressly reserved the right to take such further action with respect to value as might be deemed appropriate.

Valuation of appellant's property has not yet been made, and, of course, the Commission fully concedes appellant's right to be heard on the question as to whom ultimate credit should be given for the amount contributed by the railways toward the labor cost of setting these telegraph poles. It must be assumed that, when such a hearing is had, all the parties in interest, including the railways (which, though interested, are not parties here), will be before the Commission, and that its decision will be in accordance with the law and the evidence. It results that this petition was prematurely filed, as found by the trial court, and hence that the judgment must be affirmed, with costs.

Affirmed.