UNITED STATES ex rel. DELAWARE & HUDSON R. CORPORATION v. INTERSTATE COMMERCE COMMISSION (two cases).

Nos. 5388, 5389.

Court of Appeals of District of Columbia.

Argued June 4, 1931.

Decided June 29, 1931.

H. T. Newcomb and Chas. E. Hughes, Jr., both of New York City, and Robert E. Quirk, of Washington, D. C., for appellant.

Daniel W. Knowlton and Nelson Thomas, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

The relator, the Delaware & Hudson Railroad Corporation, is a common carrier by railroad engaged in interstate commerce. The respondent is the Interstate Commerce Commission. The instant appeals are from orders of the Supreme Court of the District of Columbia dismissing petitions of relator praying in the alternative for a writ of certiorari, mandamus, or prohibition, requiring the commission to take certain action in a reparation proceeding pending before it, in which relator was a party.

The appeals involve the same questions of law based upon similar facts, and have been submitted together. For convenience, this opinion will deal with case No. 5389.

In that case, the Eastern Equities Corporation and the American Glue Company, Inc., filed a petition with the commission against the Boston & Maine Railroad and twenty-five other interstate railroads including relator, alleging that certain rates, charged by them upon shipments of glue stock to Philadelphia and Springdale, were unjust and unreasonable, and therefore in violation of section 1 of the Interstate Com-

merce Act (49 USCA § 1), and that complainants had been damaged thereby to the extent that the rates which they had paid exceeded just and reasonable rates. The petition named twenty-three scattered points of origin of such shipments to Springdale and eleven such points of origin to Philadelphia. The petitioners prayed for an investigation and an award of damages under the Interstate Commerce Act.

Relator thereupon filed a motion with the commission, wherein it alleged that its railroad had participated in certain shipments charged in the complaint, but was in no way involved as to seventeen of the twenty-three points of origin of shipments to Springdale, nor as to seven of the eleven to Philadelphia; that no part of the transportations from those points to the respective destinations had ever been or ever could be over relator's railroad; that relator was not a party to and had not participated in any rates applied to such points; that the complaint was therefore irregular and illegal inasmuch as it joined parties who had no common interest in many of the subjects of complaint. The relator accordingly moved the commission for a "severance of the complaints" in order that relator might have the reasonableness of the rates in which it participated determined by the commission, without reference to other rates in which it had not participated. This motion was denied by the commission, and the hearing of the case was postponed to a date thereafter to be fixed. The record does not disclose that such a hearing has yet taken place.

Relator thereupon filed a petition in the Supreme Court of the District of Columbia, complaining of the commission's refusal to grant the severance sought in relator's motion, and praying that either by means of a writ of certiorari, mandamus, or prohibition, the court should require the commission "to sever the complaints against relator and to hear and determine said complaints separately from complaints against other carriers to which relator has no relation."

The relator sets out as follows the injury which it apprehends in case of a denial of such severance: "Said unlawful proceedings, as aforesaid, greatly injure, prejudice, harass and annoy the relator. It is advised by its counsel and verily believes that they would subject relator to the risk of having the questions of the reasonableness of its rates and its liability for damages determined upon evidence not material, relevant or competent upon the complaint made against it; would compel it to incur unreasonable expenditures of time and money in attending hearings before the commission with respect to complaints against other carriers in which it has no proper concern whatever; and, if an order for damages were made as a result of such hearing, would permit the complainants therein to bring suit against relator to recover the damages awarded against it in any court in which such a suit might be maintained against any of the carriers against which an award for damages was contained in such order."

The Supreme Court of the District held against relator's contention and dismissed its petition, whereupon this appeal was taken.

■ It may be conceded that the procedure pursued before the commission in this case does not conform to the rules adopted by courts of law. However, the commission is an administrative body and its proceedings under sections 13 and 16 of the Interstate Commerce Act (49 USCA §§ 13, 16) are administrative and not judicial in character. The commission therefore is not hampered in such proceedings by the hard and fast rules as to pleading and practice which prevail in courts of law. Moreover, it is provided by the Interstate Commerce Act § 13 (49 USCA § 13), that in such cases "it shall be the duty of the Commission to investigate the matters complained of in such manner and by such means as it shall deem proper." And in section 17 of the Act (49 USCA § 17), it is enacted that, "The commission may conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice."

In Spiller v. A., T. & S. F. Ry. Co., 253 U. S. 117, 40 S. Ct. 466, 470, 64 L. Ed. 810, Mr. Justice Pitney, speaking for the Supreme Court of the United States concerning the effect of section 16 of the Act, said:

"The same section contemplates that numerous parties may unite in a claim for reparation, and that numerous carriers may be joined as defendants; and similarly that in a suit brought upon such award there may be a joinder of parties plaintiff and defendant. And, by section 17 (24 Stat. 385; 25 Stat. 861), 'the commission may conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice.'

"These provisions allow a large degree of latitude in the investigation of claims for reparation, and the resulting findings and order

of the commission may not be rejected as evidence because of any errors in its procedure not amounting to a denial of the right to a fair hearing, so long as the essential facts found are based upon substantial evidence. ‥ * * ”

■ We are satisfied that the alleged misjoinder of parties and causes of which relator complains is not such error as would authorize the interference of a court in the commission's proceedings.

■ Moreover, we are of the opinion that this record discloses no such grounds as would in any event justify the granting of a writ of certiorari, mandamus, or prohibition.

As to certiorari, it was said by this court in Detroit & T. S. L. R. Co. v. I. C. C., 51 App. D. C. 133, 277 F. 535, 537: "The Interstate Commerce Commission is an administrative body. Interstate Commerce Commission v. Brimson, 154 U. S. 447, 14 S. Ct. 1125, 38 L. Ed. 1047. Recently we had occasion to consider whether or not a writ of certiorari would issue to an administrative officer for the purpose of reviewing his decision in a matter over which he had jurisdiction, and we held, following a decision of this court (Degge v. Hitchcock, 35 App. D. C. 218), affirmed by the Supreme Court of the United States (229 U. S. 162, 33 S. Ct. 639, 57 L. Ed. 1135), that it would not. Mickadiet v. Payne, 269 F. 194, 50 App. D. C. 115."

■■ In respect to mandamus, it is settled that the writ will not lie to compel the Interstate Commerce Commission to set aside a decision upon a matter within its jurisdiction, and to decide the matter in another specified way. Nor can the writ be made to serve the purpose of an appeal or writ of error. Interstate Commerce Commission v. Waste Merchants' Ass'n, 260 U. S. 32, 43 S. Ct. 6, 67 L. Ed. 112; U. S. ex rel. Abilene & S. Ry. Co. v. I. C. C., 56 App. D. C. 40, 8 F.(2d) 901; U. S. ex rel. Cripple Creek, etc., R. Co. v. I. C. C., 56 App. D. C. 168, 11 F.(2d) 554.

■■ "Prohibition is, in a sense, the counterpart of mandamus, in that it prevents, while mandamus compels, action." 50 C. J. 565. "Prohibition does not lie to correct or restrict errors or irregularities of a tribunal which is acting within its jurisdiction, although proceeding improperly in the exercise of that jurisdiction. The remedy cannot be used to supersede the ordinary functions of an appeal or writ of error, except as it may be permitted by statute." 50 C. J. 676.

It may be added that in the instant case the benefit of these writs is sought by the relator before the commission has made a finding upon the substantive issue before it, and consequently before relator has actually suffered an adverse finding upon the merits. The action is therefore premature. United States ex rel. Western Union Telegraph Co. v. Interstate Commerce Commission, 51 App. D. C. 334, 279 F. 316.

In both cases, therefore, to wit Nos. 5388 and 5389, the judgment of the lower court is affirmed, with costs.