## SOUTHERN TRANSP. CO. et al. v. INTERSTATE COMMERCE COMMISSION.

### No. 5715.

Court of Appeals of the District of Columbia.

Argued Oct. 6, 7, 1932.

Decided Nov. 7, 1932.

Rehearing Denied Nov. 19, 1932.

Karl Knox Gartner, of Washington, D. C., for appellants.

J. Stanley Payne, Nelson Thomas, and Daniel W. Knowlton, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decision of the Supreme Court of the District of Columbia, dismissing appellants' petition for a writ of certiorari to the Interstate Commerce Commission to obtain a review of a decision denying reparation to appellants. The cause was heard upon the petition, rule to show cause, and answer of the commission.

In the petition filed below the appellants allege that they are operators of seagoing tugs and barges which obtain fuel carried by the Norfolk & Western and other railroad companies who make delivery thereof directly to the tugs at the railroad transshipment coal terminals located in Hampton Roads; that in addition to the actual price of the coal itself, appellants paid all transportation charges from the mines to the bunker holds of the tugs; that the transportation charges now in question included the haul from the mines to the docks with separate additional charges for dumping and trimming at the docks; that the line haul and the dumping and trimming charges were covered by separate tariff schedules as required by section 6 of the Interstate Commerce Act (49 USCA § 6); that in addition to the charges for these services the railroads collected a port or wharfage charge of $11 upon each tug which received bunker coal at the Hampton Roads coal piers; that neither this service nor the charge therefor was included in the tariff filed by the railroad companies with the commission and, therefore, all such charges and collections were in violation of section 6 of the Interstate Commerce Act; that appellants thereupon filed a complaint with the Interstate Commerce Commission claiming reparation of all such charges and collections; that the complaint was duly heard before an attorney examiner who reported that appellants were entitled to a refund of the amounts thus unlawfully collected from them; that the commission after hearing exceptions to the attorney examiner's report entered a decision to the effect that the charges in question were not authorized by the published tariff schedules of the railroad companies, but nevertheless refused to direct a refund of the same, holding that the charges were reasonable in

amount and consequently that appellants had suffered no damage by reason of the failure of the railroad companies to publish the same as required by the act.

Appellants allege that the failure of the commission to direct a refund of the wharfage charges paid without a publication of such tariff rates was in direct disregard of the provisions of section 16, par. 1, of the Interstate Commerce Act, 49 USCA § 16 (1), and is unlawful and erroneous and in violation of appellants' rights; that the commission thereafter denied appellants' petition for a rehearing and reconsideration of its decision and again denied a second similar petition. Appellants allege that they filed a petition in the Supreme Court of the District of Columbia for an injunction against the commission seeking to have its erroneous and unlawful acts set aside and enjoined, but that the case was dismissed and upon appeal the dismissal was affirmed by this court, 60 App. D. C. 49, 47 F.(2d) 411, and they allege that they have exhausted every remedy before the commission for rehearings and are without remedy with respect to the matters and things alleged herein except by such application to the courts as is made in this case. Wherefore, the appellants prayed that the court should issue a rule directing the commission to show cause why a writ of certiorari should not issue requiring it to certify to the court the complete record and proceeding in the matters above recited to the end that the court may review the same and consider and determine whether the commission exceeded its statutory authority in refusing to award reparation in view of its finding that the charges involved had been collected without apparent authority and in violation of the Interstate Commerce Act, and in dismissing the complaint filed with it notwithstanding its finding that the charges had been collected from the complainants in violation of the act; and that the order dismissing the complaint by the commission may be decreed to be in excess of its statutory power and null and void.

The answer of the commission alleged that under sections 6 (7), 8, and 16 (1), Interstate Commerce Act, 49 USCA §§ 6 (7), 8, 16 (1), it was the duty of the commission to award reparation only in cases wherein the complainant had been damaged by some violation of the act committed by the carrier; that the record in this case does not show that damages were suffered by any of the complainants, notwithstanding the fact that the wharfage charges collected from

them by the carriers had not been published in the tariff schedules in accordance with the requirements of section 6 of the act, inasmuch as the charges were in fact only reasonable compensation for the services performed. The commission, therefore, denied reparation and dismissed the complaint. The commission denies that its findings are erroneous as a matter of law, or that its order is in excess of its powers under the Interstate Commerce Act.

The commission also incorporated a motion within its answer praying the court to dismiss appellants' petition upon the ground that the court was without jurisdiction to issue a writ of certiorari in this case for the reason that the commission possesses and has exercised its statutory jurisdiction over the subject-matter of the complaint, and that the order of the commission denying the reparation and dismissing the complaint of the petitioners is a mere negative order and as such is not subject to review in the District Courts of the United States or in the Supreme Court of the District of Columbia; and for the reason, moreover, that the purpose of the suit is to direct and control by writ of certiorari the action of the commission in its administration of the Interstate Commerce Act, whereas no statute confers upon the court jurisdiction to exercise such authority.

We deem it unnecessary to enter upon a discussion of the merits of the appellants' claim for reparation, for in our opinion the proceedings of the commission in this matter are not subject to review by the court by means of a writ of certiorari. In Detroit & T. S. L. R. Co. v. Interstate Commerce Commission, 51 App. D. C. 133, 277 F. 535, 537, this court held as follows: "The Interstate Commerce Commission is an administrative body. Interstate Commerce Commission v. Brimson, 154 U. S. 447, 14 S. Ct. 1125, 38 L. Ed. 1047. Recently we had occasion to consider whether or not a writ of certiorari would issue to an administrative officer for the purpose of reviewing his decision in a matter over which he had jurisdiction, and we held, following a decision of this court (Degge v. Hitchcock, 35 App. D. C. 218), affirmed by the Supreme Court of the United States (229 U. S. 162, 33 S. Ct. 639, 57 L. Ed. 1135), that it would not. Mickadiet v. Payne, 269 F. 194, 50 App. D. C. 115."

In the case of Donner Steel Co. v. Interstate Commerce Commission, 52 App. D. C. 221, 285 F. 955, 958, a petition to the Supreme Court of the District of Columbia prayed for a writ of mandamus or certiorari to compel the commission to make an award of reparation for damages which the petitioner claimed to have sustained through undue preference and prejudice practiced by awards in violation of section 3 of the Interstate Commerce Act (49 USCA § 3). This court, speaking through Justice Van Orsdel, said: "Appellant is here attempting to require the Interstate Commerce Commission to set aside its judgment and award damages upon the facts adduced. It is not contended that the Commission was without jurisdiction to hear the complaint and make the order complained of, or that its ruling is expressly inhibited by statute; but it is urged that the Commission after finding discrimination, committed an error of law in refusing to award damages to appellant. However inequitable and inconsistent the ruling, it cannot be corrected in its proceeding."

In Delaware & Hudson R. Corporation v. Interstate Commerce Commission, 60 App. D. C. 267, 51 F.(2d) 429, it was held by this court that certiorari would not issue from the Supreme Court of the District of Columbia to require the Interstate Commerce Commission to enter an order relating to practice in a complaint for reparations.

These cases clearly hold that the commission's discretion cannot be controlled through the means of a writ of certiorari. The reason for this rule is that the power to make an order of reparation, such as the appellants seek in the present proceeding, is a statutory power not known to the common law. In creating and reposing this power in the commission, Congress clearly intended that only that body exercise the same. For a court to undertake to exercise this power through the commission by compulsory order, whether injunction, mandamus, prohibition, or certiorari, would amount to an assumption by the court of a statutory power conferred solely upon the commission and not upon the courts.

We do not overlook the fact that the appellants contend that the commission exceeded its statutory authority in refusing to award reparations in view of its finding that the charges were collected without apparent authority in violation of the Interstate Commerce Act, and that the commission in so acting was without jurisdiction and that its orders so made were null and void. In our opinion, however, the commission, whether its decision was erroneous or not, did not exceed its lawful jurisdiction. The matter upon which it was acting was

placed before it by the petition of appellants themselves, and the fact that the commission's decision was not in accordance with their demand does not result in defeating the jurisdiction of the commission.

The parties in the present case were before this court upon the same facts in the case of the Southern Transportation Co. v. Interstate Commerce Commission, 60 App. D. C. 49, 47 F.(2d) 411, 412, certiorari denied 283 U. S. 850, 51 S. Ct. 559, 75 L. Ed. 1458. In that case the appellants endeavored to secure from the Supreme Court of the District of Columbia a mandatory injunction compelling the commission to enter the same order of reparation which they now seek. In the instant case a writ of certiorari is prayed in the place of a mandatory injunction. The Supreme Court of the District of Columbia dismissed the bill and that decision was affirmed by us. Emphasis was laid by this court upon the fact that the order of the commission was a negative order and not an affirmative one, and that the lower court was without jurisdiction to issue a mandatory injunction to compel the commission to vacate a negative order dismissing a complaint seeking recovery of illegal transportation charges. In the course of the decision the court, speaking by Mr. Justice Van Orsdel, said: " * * * Prior to the creation of the Commerce Court no authority existed in any court to interfere by injunction with a negative order of the commission on the theory that such interference by the court would amount to the substitution of the court's judgment for the discretion conferred upon the commission. * * * To confer the right upon any court to enjoin and set aside negative orders of the commission would interfere with the control which Congress had conferred upon the Interstate Commerce Commission over matters relating to commerce."

In this view of the case we affirm the decree of the lower court dismissing appellants' petition.

Affirmed.