### GEORGE ALLISON & CO., Inc., et al. v. UNITED STATES et al.

District Court, S. D. New York.
Aug. 20, 1935.

Decree of dismissal affirmed in 56 S.Ct. 175.

Milbank, Tweed, Hope & Webb, of New York City (John A. Kelly and F. Trowbridge Vom Baur, both of New York City, of counsel), for plaintiffs.

Elmer B. Collins, Sp. Asst. to the Atty. Gen., for the United States.

Nelson Thomas, of Washington, D. C., Atty. for Interstate Commerce Commission (Daniel W. Knowlton, Chief Counsel, of Washington, D. C., of counsel), for the Commission.

Before SWAN, Circuit Judge, and GODDARD and COXE, District Judges.

SWAN, Circuit Judge.

In 1929, express service was inaugurated for the transportation of fresh strawberries in carloads from Florida to northern points under a tariff filed by Railway Express Agency, Inc., establishing express rates and refrigeration charges. Thereafter, various shippers of strawberries attacked such rates and charges before the Interstate Commerce Commission on the ground that they were excessive, discriminatory, and prejudicial. The complaining shippers sought reductions in the rates and charges for the future, and an award of reparation for past injuries. The com-

plaints were consolidated in a proceeding entitled R. W. Burch, Inc., et al. v. Railway Express Agency, Inc., et al., 190 I.C.C. 520, and were first decided by division 5 of the Commission, and thereafter, on a motion for rehearing, by the full Commission, 197 I.C.C. 85. The order of division 5 found that the express rates "were, are, and for the future will be unreasonable to the extent that they have exceeded or may exceed 120 per cent. of first-class freight rates from and to the same points," and express refrigeration charges were found not unreasonable if they did not exceed 125 per cent. of freight refrigeration charges. The reduced rates and charges were authorized to be put into effect on March 3, 1933. On November 7, 1933, the full Commission made its order. This found that reasonable express rates on strawberries in carloads should not exceed 105 per cent. of existing first-class freight rates, and refrigeration charges should not exceed 85 per cent. of the 125 per cent. fixed by division 5. The new rates and charges were ordered into effect December 28, 1933. The carrier sought to enjoin the enforcement of the new rates, but its complaint was dismissed. Railway Express Agency v. United States, 6 F.Supp. 249 (D.C.S.D.N.Y.). The Commission's order of November 7, 1933, also included findings that prior to March 3, 1933, the rates and charges exacted by the carrier were unreasonable only to the extent that they exceeded the maxima fixed by division 5, and that the complaining shippers would be entitled to reparation; the amount thereof to be fixed in accordance with the findings just referred to, upon presentation of statements of shipments made and charges paid in accordance with the Commission's rules of practice.

This is the portion of the order which the present plaintiffs seek to set aside and annul. They allege that they were shippers or receivers of strawberries in carload lots, who had paid the express and refrigeration charges thereon for transportation from Florida to northern points, and were complainants or interveners in support of the complaints filed with the Commission in the above-described proceedings. They charge that in fixing as reasonable express rates and refrigeration charges for the period prior to December 28, 1933, the maxima allowed by division 5 while reducing such rates and charges thereafter, the Commission acted without any evidence whatever to support the distinction, since the hearings were closed in October, 1931, and no evidence was or could have been offered to establish a difference in conditions between services rendered before December 28, 1933, and those to be rendered thereafter. They pray for an annulment of that part of the order of November 7, 1933, which fixed as reasonable express rates not in excess of 120 per cent. of existing first-class freight rates for the period from December 1, 1929, to December 28, 1933, and fixed as reasonable express refrigeration charges of an average of 125 per cent. of existing freight refrigeration charges for the same period, and ask that the proceedings herein be remanded to the Commission, with directions to proceed in accordance with law.

The defendants do not attempt to support on the merits the fixing of higher rates for past services than for future services. They contend that the court is without jurisdiction to entertain this suit, and, if that contention fails, that the validity of the Commission's order is res judicata because of the district court's decision in Railway Express Agency v. United States, 6 F.Supp. 249. The jurisdictional question must first be considered.

The suit purports to be brought pursuant to the Urgent Deficiencies Act of 1913 (28 U.S.C.A. §§ 41 (28), 47) under which the jurisdiction of the commerce court was transferred to the District Courts. A suit may be brought before a 3-judge court, convened pursuant to 28 U.S.C.A. § 47, to "enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission." Despite this broad grant of jurisdiction, the defendants urge that the parts of the order under attack may not be reviewed because they are negative in character and concern reparation, and really constitute findings by the Commission. Plaintiffs, on the other hand, insist that they seek no reparation or damages, but merely ask annulment of part of an affirmative order arbitrarily fixing as reasonable the rates and charges attacked. The petition is framed so as to be consistent with this contention; as has been stated, plaintiffs request the annulment of the parts of the order of November 7, 1933, already indicated, and there is no prayer for damages or reparation. But it is too plain for argument that this suit was prompted by the hope that its success would pave the

864

way for a later recovery of damages against the carrier in a larger amount than the order of November 7 permits. The plaintiffs, as complainants or interveners in the proceedings before the Commission, sought reparation as well as reasonable rates for the future. Burch, Inc., v. Railway Express Agency, 190 I.C.C. 520, 521; Id., 197 I.C.C. .85, 87. The findings, in addition to determining reasonable charges for the future, awarded the shippers reparation for the past (Burch, Inc., v. Railway Express Agency, 190 I.C.C. 520, 550; Id., 197 I.C.C. 85, 111), and these were made a part of the orders entered. Although the two subjects were for convenience considered in one proceeding and dealt with in one order, it is well settled that they are essentially different in character and independent of each other. Arizona Grocery Co. v. Atchison, T. & S. F. R. Co., 284 U.S. 370, 388, 52 S. Ct. 183, 76 L.Ed. 348; Baer Bros. Co. v. Denver & R. G. R. Co., 233 U.S. 479, 34 S.Ct. 641, 58 L.Ed. 1055. Hence, in substance there is presented a situation wherein shippers sought reparation for excess charges exacted by a carrier, and now complain that the Commission fixed reasonable rates for the past too high and failed to award them the full measure of damages they were entitled to. If this court has no jurisdiction to entertain such complaint, it cannot be conferred by the devious method of assailing in one step the preliminary finding upon which the damages awarded must be computed, and postponing to a later proceeding the actual prayer for additional reparation. Compare Standard Oil Co. (Indiana) v. United States, 283 U.S. 235, 241, 51 S.Ct. 429, 75 L.Ed. 999. The real inquiry is whether such jurisdiction exists.

■ In Procter & Gamble Co. v. United States, 225 U.S. 282, 32 S.Ct. 761, 56 L.Ed. 1091, it was held that the commerce court lacked jurisdiction to set aside and annul an order of the Interstate Commerce Commission denying relief to a shipper dissatisfied with a carrier's demurrage charges, and that its power was limited to a review of affirmative orders of the Commission. This conclusion has been repeated in subsequent decisions concerned with the jurisdiction of a 3-judge District Court [Standard Oil Co. (Indiana) v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L.Ed. 999], or with an attempt to escape the rule of the Procter & Gamble Case through mandamus proceedings or

otherwise. Interstate Commerce Commission v. United States ex rel. Campbell, 289 U.S. 385, 388, 53 S.Ct. 607, 77 L.Ed. 1273; Interstate Commerce Commission v. United States ex rel. Capital Grain & Feed Co., 59 App.D.C. 118, 35 F.(2d) 1012; Southern Transp. Co. v. Interstate Commerce Commission, 61 App.D.C. 284, 61 F.(2d) 925; Southern Transp. Co. v. Interstate Commerce Commission, 60 App. D.C. 49, 47 F.(2d) 411. There can be no substantial difference between review of an order of the Commission denying a shipper reparation, and review of an order granting some damages but denying the full reparation sought. The Supreme Court, in effect, recognized this in Hooker v. Knapp, 225 U.S. 302, 32 S.Ct. 769, 56 L.Ed. 1099, decided upon the same day as, and upon the authority of, the Procter & Gamble Case, and held that the commerce court had no jurisdiction to review the refusal of the Commission to reduce rates to the full extent asked. See, also, Brady v. Interstate Commerce Commission, 43 F. (2d) 847 (D.C.N.D.W.Va.) affirmed Brady v. United States, 283 U.S. 804, 51 S.Ct. 559, 75 L.Ed. 1424; Baltimore & O. R. Co. v. Brady, 288 U.S. 448, 53 S.Ct. 441, 77 L.Ed. 888; Wishnatzki v. Railway Express· Agency, 293 U.S. 532, 55 S.Ct. 212, 79 L.Ed. 640. . Accordingly, the petition must be dismissed for want of jurisdiction. In view of this disposition of the case, it is unnecessary and would be futile to discuss the other questions argued.

Petition dismissed for want of jurisdiction.