**In re GREENE.**

**No. 9343.**

Circuit Court of Appeals, Third Circuit.

Argued Feb. 14, 1947.

Decided March 4, 1947.

---

[13] See note 8 supra.

518

Raymond Pace Alexander, of Philadelphia, Pa., for Greene.

Walter A. Gay, of Philadelphia, Pa., for Sims.

James L. Baxter, of Philadelphia, Pa., for Judge Welsh.

Before BIGGS, GOODRICH and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

The petitioner in the case at bar, S. L. Greene, the appellant at No. 9342, 3 Cir., 160 F.2d 512, moved for leave to file a petition for a writ of prohibition or a writ of mandamus against the Honorable George A. Welsh, one of the Judges of the District Court of the United States for the Eastern District of Pennsylvania, and against the other Judges of that Court, to prohibit Judge Welsh from proceeding in the cause appealed from at our No. 9342, being Civil Action No. 6657 in the court below, Sims v. Greene. The petitioner asserts that Judge Welsh has demonstrated such bias and prejudice in the course of the proceeding as will disqualify him from continuing in the case. We are informed by counsel for the petitioner, and it is not denied, that the petitioner has filed in the court below in Civil Action No. 6657, an affidavit of personal bias and prejudice. See Section 21 of the Judicial Code, 28 U.S.C.A. § 25.

We issued a rule to show cause and an answer to the petition was filed by Judge Welsh who denied that he was biased or prejudiced. Hearing was had on February 14, following argument of the appeal at our No. 9342.

Assuming *arguendo* that a writ of prohibition or a writ of mandamus will lie against a district judge to compel him to disqualify himself in a case in which he has demonstrated personal bias and prejudice, and assuming also that the remedy given to the affected suitor by Section 21 of the Judicial Code is not exclusive, points upon which we do not pass, we find that the rule must be discharged because in our opinion the trial judge has not demonstrated personal bias or prejudice. What the petitioner has shown is the failure of the trial court to restrict the issues as required by the pleading. We doubt if out of the entire twelve hundred pages of argument, colloquy and testimony taken in the proceeding at No. 6657 in the court below that more than twenty-five pages were pertinent. Counsel for the petitioner was largely responsible for this state of the record. Counsel for the plaintiff was an offender to a much lesser degree. The record also demonstrates that the trial judge also failed to protect the dignity of his court. There were many interruptions from the spectators and on occasion the proceeding was brought completely to a halt by the actions of spectators or counsel. The trial judge must insist that proceedings before him be conducted with the decorum and dignity necessary to effect justice. A judge of the United States has full power to effect such a result.

The discharge of the rule will not relieve the court below of passing upon the sufficiency of the grounds for disqualification alleged in the affidavit filed by the defendant at No. 6657 in the court below. See the provisions of Section 21 of the Judicial Code and the authorities cited to that section.

The rule will be discharged.