**In re PAN–AMERICAN LIFE INS. CO.**

No. 13596.

United States Court of Appeals Fifth Circuit.

April 27, 1951.

James A. Dixon, Miami, Fla., for petitioner.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

PER CURIAM.

Brought as a corollary to an appeal, this motion comes up in this way. Movant Insurance Company brought a suit seeking to cancel, for fraud, a policy it had issued on the life of one Detrio.

834

The defendants, denying the charge of fraud, filed a counter claim on the policy, and a demand for jury trial on all the issues, as well those raised by the original claim for relief as those presented by the counter claim.

Plaintiff moved to strike the request for jury trial and for an order, under rule 42 (b), Rules of Civil Procedure, 28 U.S.C.A., for a trial of the issues raised upon the plaintiff's claim for relief before the court, and, in advance of the jury trial. Insisting that if the case is improperly tried before a jury, the trial will be had for nothing, and that to protect our jurisdiction, we should entertain it, it brings this motion for relief.

It does this because it realizes that it is quite probable that it will be held that the order allowing the jury trial is not a final order and, therefore, not appealable, and its appeal will be dismissed. City of Morgantown v. Royal, 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347. It, therefore, seeks by this mandamus to compel the judge to set the order aside. In support of its petition for leave to proceed by mandamus, it cites two cases, Bereslavsky v. Kloeb, 6 Cir., 162 F.2d 862, and Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499, in which district judges were mandamused for denying a jury to one who was of right entitled to it.

 Of the opinion that the order appealed from is interlocutory and not appealable, and that we have jurisdiction to proceed, we are further of the opinion that the motion for leave to file should be denied. This is because, while in a case where a jury is denied to persons who are entitled to it as a matter of right, mandamus lies to compel the judge to grant it, the matter stands differently where, as here, the district judge has the discretion, under Rule 39(c), upon his own initiative, to try the case with an advisory jury.

As to the request for separate trial under Rule 42(b), this is purely discretionary, and the court cannot be mandamused in respect of it.

Motion Denied.