**In re ILLINOIS CENT. R. CO.**

**No. 13771.**

United States Court of Appeals
Fifth Circuit.

Nov. 13, 1951.

———⋄———

Sherwood W. Wise, James L. Byrd, Jackson, Miss., for appellant.

William A. Bacon, Francis S. Bowling, Ross R. Barnett, Jackson Miss., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

JOSEPH C. HUTCHESON, Chief Judge.

Ordered in Civil Action No. 1614, Mrs. Alice McClelland v. Illinois Central Railroad Company, to produce, under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., certain photographs, names of witnesses, statements, etc., and other material, all as set out in the order, petitioner applied to one of the judges of this court for, and obtained, a temporary writ of prohibition against Sidney C. Mize, United States District Judge for the Southern District of Mississippi, and the cause was set for hearing before the court to prevent the enforcement of the order. Petitioner is here, pursuant to said setting, seeking to have the writ of prohibition made permanent.

The respondent, Judge Mize, made a written appearance, stating that he submits himself to the jurisdiction of the court and will abide by all orders and judgments that may be entered herein, and that, in rendering the judgment complained of, he was acting in his official capacity as a United States Judge. In addition, the attorneys for the plaintiff below, who had procured the order, appeared in support of the respondent and by full brief and argument.

Insisting: that good cause for the production, within the rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451, was not shown; that in granting the order the district judge had exceeded his lawful authority; and that it is without other adequate remedy at law, since the order is interlocutory and not appealable; the petitioner, appearing by brief and oral argument, urges upon us that we take jurisdiction of its petition and grant the writ as prayed.

In presenting the matter here, the petitioner puts and argues first: the question whether the district judge, in making the order, exceeded his authority under rule 34; last: the question whether this court has jurisdiction to isssue the writ applied for and this is a proper case for the exercise of our jurisdiction.

The respondent's brief following the same order, and fully briefing both points, bears heavily down on the insistence that this court is without jurisdiction to issue the writ prayed for in this cause.

Because the parties have briefed and argued the case in this fashion, we have given full and careful consideration to both questions. Because, however, we are convinced that, whether the order was or was not supported by good cause, this is not a proper case for the exercise of the preventive jurisdiction sought, we shall in this opinion concern ourselves only with our reasons for thinking so.

Insisting that the complained of order was issued not merely in abuse of discretion but in excess of the jurisdiction of the court, petitioner, conceded that, though there have been many decisions under the discovery rules, no case can be found in precise support of the jurisdiction it here invokes. It relies heavily, though, on Atlantic Coast Line v. Davis, 5 Cir., 185 F. 2d 877, in which we held that the action of the district judge, in ordering transfer of a case out of his court and into another, was a renunciation of jurisdiction beyond his power to make. So relying, with vigor and confidence, petitioner insists that we should hold here, as we did there, that the complained of action was in excess of the court's jurisdiction and restrainable by writ of mandamus or prohibition.

The respondent, in his turn, urging, upon the authority of Hickman v. Taylor, supra, and the authoritative decisions following it, that the issuance of the order was not an abuse of, but clearly within, the discretion conferred upon him under rule 34, insists that in no event could its issuance be said to have been in excess of, or beyond the jurisdiction conferred. Setting the rule out, calling attention to its clear grant of authority, and citing the long line of cases, state and federal,[1] distinguishing between abuse of discretion and excess of jurisdiction or power, he confidently urges that the petition for the writ should be denied.

 We agree. In Atlantic Coast Line v. Davis, invoked by petitioner, carefully pointing out the limitations upon the exercise of the extraordinary jurisdiction there invoked, we left in no doubt that only in the clearest case of excess or renunciation of jurisdiction should this court issue a writ of mandamus or its correlative prohibition.[2] Cf. In re Pan-American Life Ins. Co., 5 Cir., 188 F.2d 833, in which this court, recognizing that mandamus will not lie to compel discretionary action, refused the writ sued out there.

Without in any manner, then, undertaking to determine whether the order complained of was correctly or incorrectly entered, but fully reserving our decision upon it when that question is properly before us, we deny the relief prayed for and dismiss the petition.

---

1. Chapman v. Schiller, 95 Utah 514, 83 P.2d 249, 120 A.L.R. 906; State ex rel. W. E. Dooley & Co. v. Superior, 128 Wash. 253, 222 P. 492, 35 A.L.R. 252; In re Fassett, 142 U.S. 479, 12 S.Ct. 295, 35 L.Ed. 1087; In re New York & P. R. S. S. Co., 155 U.S. 523, 15 S.Ct. 183, 39 L.Ed. 246; State of Mo. ex rel. Cum-

mings v. Witthaus, 358 Mo. 1088, 219 S.W.2d 383, 8 A.L.R.2d 1124; U. S. v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129.

2. Delaware & Hudson R. R. Corp. v. Interstate Commerce Commission, 60 App. D.C. 267, 51 F.2d 429.