PENNSYLVANIA R. CO. v. KIRK-PATRICK, Chief Judge.

No. 10938.

United States Court of Appeals
Third Circuit

Argued March 17, 1953.

Decided April 2, 1953.

Philip Price, Philadelphia, Pa. (Arthur E. Newbold, III, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for petitioner.

Donald J. Farage, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for intervening respondent.

Before BIGGS, Chief Judge, and MARIS and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is a petition for mandamus and is heard upon the rule to show cause and answer thereto. The intervening respondent is the plaintiff in a suit brought against petitioner here.

Bernat sued the Pennsylvania Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. His counsel, proceeding under Rule 34, asked the defendant for a copy of a statement made by the plaintiff to a claim agent of the defendant shortly after the accident. At the time of making the statement the plaintiff was not represented by counsel; furthermore, no copy of the statement was given him then or thereafter. The district judge, concluding that "good cause" had been shown, made an order directing production of a copy of the statement. The railroad now attacks the correctness of this ruling in this action for mandamus or prohibition.

The relevant references are to Rule 34, F.R.C.P., 28 U.S.C.A., to Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and to Apex Hosiery Co. v. Leader, 3 Cir., 1939, 102 F.2d 702, which holds that an order for production of documents is interlocutory and nonappealable.

The petitioner argues that the district judge exceeded his jurisdiction and, therefore, a remedy of mandamus is appropriate to make him stay within it. The argument is transparently inaccurate. It was the function of the judge to decide whether, following the authorities above cited, "good cause" had been shown. He decided that it had. This was the very kind of a question which it was his duty to decide and he decided it. To say that in doing so he exceeded his jurisdiction if he made a mistake would be to turn every judicial error into an action beyond the jurisdiction of the court. Even a mistaken ruling on evidence in the course of a trial would take the judge outside his jurisdiction and make him amenable to a mandamus writ. There would be little left of the statutory provisions limiting the orders reviewable by a federal court of appeals if this view were adopted.

Whether the district judge decided the "good cause" question correctly or not is not before us here. His job was to decide. He did. His order is not reviewable at this stage. If authority for what seems to us such a completely clear proposition is needed, it will be found in Bank Line v. United States, 2 Cir., 1947, 163 F.2d 133, and In re Illinois Central Railroad Co., 5 Cir., 1951, 192 F.2d 465.

There follows, herewith, a list of the cases involving the writ of mandamus which have come before this court in the last ten years. We believe it to be apparent on inspection that no one of them in which mandamus has been granted comes within a long stone's throw of supporting

the type of relief sought by the petitioner in this case.

1. Webster Eisenlohr, Inc., v. Kalodner, 3 Cir., 1944, 145 F.2d 316. Petition to compel district judge to vacate his order referring a stockholder suit to a special master. Granted. The order went into matters not involved in the suit, over which there was no controversy. Biggs, C. J., and McLaughlin, J., dissenting.

2. William Goldman Theatres v. Kirkpatrick, 3 Cir., 1946, 154 F.2d 66. Petition to compel district judge to vacate order referring case to a master and refusing a jury trial on the issue of damages. Dismissed on the merits, without reference to mandamus jurisdiction.

3. United States v. Smith, 3 Cir., 1946, 156 F.2d 642, reversed 1947, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610. Petition by Government to compel district judge to vacate his order granting defendant a new trial, which the district judge had made after the original conviction had been affirmed by the Court of Appeals. Denied on the merits. Biggs, C. J., and McLaughlin, J., dissenting.

4. In re Greene, 3 Cir., 1947, 160 F.2d 517. Petition to order district judge not to proceed with a case because he has demonstrated bias. Denied on the merits.

5. Hazeltine Corp. v. Kirkpatrick, 3 Cir. 1948, 165 F.2d 683, certiorari denied 1948, 334 U.S. 819, 68 S.Ct. 1084, 92 L. Ed. 1749, rehearing denied, 1948, 334 U.S. 862, 68 S.Ct. 1527, 92 L.Ed. 1782. The district judge had denied motions to dismiss for lack of a case or controversy, no jurisdiction over the subject matter, and no jurisdiction over an indispensable party. Petition to order him not to proceed with the case. Denied.

6. Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 1948, 170 F.2d 44, 49, affirmed 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. Appeal from an order denying defendant's motion that plaintiff put up security. Held a final and appealable order, the court noting that otherwise defendant could never get his security since "a writ of mandamus could issue

from this court only in aid of its appellate jurisdiction."

7. Petition of Therianos, 3 Cir., 1948, 171 F.2d 886, 887. Petition to order district court not to entertain suit by Greek consul for the arrest of petitioner. Dismissed. Under the facts it is at least debatable whether district court has jurisdiction, and mandamus is inappropriate unless the court below is "clearly without jurisdiction."

8. Hartford Accident & Indemnity Co. v. Interstate Equipment Corp., 3 Cir., 1949, 176 F.2d 419, certiorari denied 1949, 338 U.S. 899, 70 S.Ct. 250, 94 L.Ed. 553. District court granted plaintiff's motion to amend his complaint to include X corporation as a defendant. Appeal, together with petition for mandamus and prohibition to prohibit district court from proceeding with case. Denied, because interlocutory, and extraordinary writs cannot be used as substitute for appeal. (Per Curiam.)

9. Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111, certiorari denied 1951, 340 U.S. 953, 71 S.Ct. 572, 95 L.Ed. 687. Petition to compel district court to exercise its discretion in deciding a motion for transfer under § 1404a. Granted. Mandamus will lie to compel a judge to exercise his discretion. McLaughlin and Hastie, JJ., dissenting.

10. United States v. Kirkpatrick, 3 Cir., 1951, 186 F.2d 393. Petition to compel district court to revoke its referral of admiralty case to a master. Granted.

11. Pennsylvania Turnpike Commission v. Welsh, 3 Cir., 1951, 188 F.2d 447. Petition to forbid district court from hearing two cases against the Turnpike Commission. Denied. Mandamus will not issue unless the decision below was clearly erroneous in assuming or refusing jurisdiction. Here the question is sufficiently doubtful to defeat any claim of arbitrary action by the district court.

12. Canister Co. v. Leahy, 3 Cir., 1951, 191 F.2d 255, certiorari denied 1951, 342 U.S. 893, 72 S.Ct. 201, 96 L.Ed. 669. Petition to compel district judge to grant jury trial on the issue of damages. Granted.

13. Gulf Research & Development Co. v. Leahy, 3 Cir., 1951, 193 F.2d 302, affirmed 1952, 344 U.S. 861, 73 S.Ct. 102, rehearing denied 1952, 344 U.S. 900, 73 S.Ct. 273. Petition to compel district judge to vacate his order denying change of venue under § 1406a. Denied.

14. All States Freight v. Modarelli, 3 Cir., 1952, 196 F.2d 1010. Petition to compel district judge to order a transfer under § 1404a. Denied.

15. Mifflinburg Body Works, Inc., v. Murphy, 3 Cir., 1952, 197 F.2d 417. Petition to compel district judge to vacate his order dismissing a petition for corporate reorganization. Dismissed. (Per Curiam.)

16. Petition of Nelson, 3 Cir., 1952, 199 F.2d 878. Petition to direct district judge to change venue because of high feeling against defendant in the community. Denied. (Per Curiam.)

The petition for mandamus will be denied.